THE COTTON STATES LIFE INSURANCE COMPANY, plaintiff in error, *vs.* WILLIAM J. MALLARD, defendant in error.

1. A contract made by the general agent of a life insurance company, charged with the duty of appointing sub-agents, whereby he obligated the company to pay the sub-agent a fixed sum per month, and signed the contract as general agent for the company, is the contract of the company, and the company and not the general agent is responsible to the sub-agent for such salary.

2. When the charter gives the general agent "the management of his department and the state agencies," "the appointment of agents and direction of their work under his control, *subject to the approval of the officers of the company*," the latter words do not mean that the approval of the officers of the company is a condition precedent, necessary to the appointment of all sub-agents and every direction of their work, but they mean simply to reserve to such officers a supervisory control over the sub-agents and their work, including their appointment, and until the officers do, by some act, intervene and nullify the contracts appointing the sub-agents and the orders directing their work, the appointments, contracts and orders of the general agent are valid and binding upon the company.

3. The sub-agents are not bound by a private contract made between the company and their general agent limiting the powers of the general agent to guaranty salaries; they are bound with notice and knowledge of the provisions of the charter, which is a public law, but not of a private contract unless actual knowledge be brought home to them.   Therefore, in the absence of proof of knowledge in the sub-agent, if the general agent exceed his powers limited in the private contract between him and the company, the company will still be bound to the sub-agent, and the general agent who exceeded his powers will be bound to reimburse the company.

4. Whether the sub-agent in this case faithfully discharged his duties to the company, under his contract, was a question of fact for the jury under the proof which, to say the least, is conflicting, and the jury having passed upon that question, and the presiding judge having approved their finding, oft repeated decisions of this court demand that the verdict shall stand.

Principal and agent.   Contracts.   Corporations.   Notice. New trial.   Before Judge PEEPLES.   Fulton Superior Court. October Term, 1875.

This case was tried before Judge Hopkins. The motion for a new trial was heard by his successor, Judge Peeples.

Reported in the opinion.

FRY & KING, for plaintiff in error.

S. D. McCONNELL, for defendant.

JACKSON, Judge.

This was a suit brought by plaintiff against defendant to recover wages as agent of the latter, founded on a contract made by John W. Burke, as general agent of defendant. It appears from the evidence that Burke signed as general agent of the company, but made the contract for the company, describing it as party of the one part, and Mallard as party of the other part. It appears, also, that Burke was restricted in his private contract from agreeing to any salaries but a certain per cent., but this was not known to the sub-agent, Mallard. The charter gives the general agent "the appointment of agents and direction of their work," and "the management of their departments and of state agencies," subject to the approval of the officers of the company. The testimony was conflicting whether the agent, Mallard, discharged his duties faithfully. The pleas were the general issue, and to the effect that Burke exceeded his powers as general agent, and the contract did not bind the company; that the contract was invalid until approved by the officers of the company, and that by its terms and signature, it did not bind the company, but Burke. The jury found for Mallard against the company, the court below refused to grant a new trial, and we affirm the judgment for reasons appearing sufficiently to be understood by the head-notes. The clause of the charter is in these words: "The general agent of the company shall have the management of the department and state agencies, shall have the appointment of agents and direction of their work under his control, subject to the approval of the officers

of the company, whose duty shall also be to visit each department twice every year, or oftener, should the interest of the company require it:" Acts of 1868, page 43.

Judgment affirmed.