30086. SASNETT, guardian, *v.* OWEN, next friend.

DECIDED JULY 8, 1943. REHEARING DENIED JULY 27, 1943.

*Joel B. Mallet, Bryan, Carter & Ansley*, for plaintiff in error.
*Fred T. Allen, Vaux Owen*, contra.

STEPHENS, P. J. R. P. Sasnett as guardian of Asa Shannon McCoy, incompetent, filed a return in the court of ordinary of Butts County, and Vaux Owen as next friend of said incompetent filed a caveat. After hearing the case the ordinary allowed the return as amended, and ordered the same to record. The caveator entered an appeal. On the trial of the case in the superior court the appellee moved to dismiss the appeal, on the ground that the appeal bond was invalid, for the reasons that it was executed by T. A. Nutt, as attorney in fact for the American Surety Company, and

in the power of attorney attached thereto there was not contained a description of the nature of the obligation or bond to be executed by T. A. Nutt, as required by the resolution of the executive committee of the board of trustees of the American Surety Company of New York and relied on as authority for issuing the power of attorney, which provided that "the nature of such bond or undertaking to be in each instance specified in such power of attorney;" and further that the bond was signed by T. A. Nutt, as attorney in fact for the American Surety Co., whereas, the purported power of attorney to him was not from the American Surety Co., but was from the American Surety Company of New York.

It is provided in the resolution adopted by the Board of Trustees of the American Surety Company of New York, at the company's office in the City of New York, on August 20, 1912, as follows: "and one of the resident vice-presidents and one of the resident assistant secretaries of this company, at Atlanta, in the State of Georgia, be and they are hereby authorized and empowered to make, execute and deliver, in behalf of the company, unto such person or persons in the States of South Carolina, Florida, Alabama and Georgia, as they may select, its power of attorney constituting and appointing each such person its attorney in fact, with full power and authority to make, execute and deliver for it, in its name and in its behalf as surety, any particular bond or undertaking that may be required in the said states [the states named above], the nature of such bond or undertaking to be in each instance specified in such power of attorney." Pursuant to the authority of this resolution, the power of attorney issued and executed October 13, 1941, by "American Surety Company of New York, by E. M. Brown, resident vice-president," and attested by W. H. Turner, resident assistant secretary, constituted and appointed T. A. Nutt of Jackson, Georgia, the true, sufficient and lawful attorney of the American Surety Company of New York, with full power and authority to make and execute and deliver for it, in its name and behalf, as surety, "a bond or undertaking as follows: [here is a blank space unfilled] hereby giving its said attorney full power and authority to do everything whatsoever requisite and necessary to be done for the purpose of making, executing and delivering such obligations as fully as the officers of said American Surety Company of New York could do . ." etc. The appeal bond

which was given by the appellant, Asa Shannon McCoy, incompetent, by his next friend, Vaux Owen, was an obligation "for such further costs as may accrue by reason of such appeal." It was executed October 14, 1941, and was signed by Vaux Owen as principal, and by "American Surety Company," by T. A. Nutt, attorney in fact, as security.

The appellant made the following motion to amend the bond: "Now comes the appellant and moves the court to amend his cost appeal bond to show that T. A. Nutt, Jackson, Georgia, is true, sufficient and lawful attorney for the American Surety Company, with full power and authority to make, execute and deliver for it, in its name and in its behalf as surety a bond or undertaking as follows: Appeal cost bond in the case entitled Asa Shannon McCoy, incompetent, by his next friend, Vaux Owen, appellant, vs. R. P. Sasnett, guardian, appellee, for such cost as may accrue by reason of the appeal in said case; that the Resident Assistant Secretary of the American Surety Company, on October 13, 1941, authorized its agent, T. A. Nutt, to execute the cost bond that was given by its agent on the 14th day of October, 1941, and also the authority of W. H. Turner, resident assistant secretary, attested the execution of this instrument of the American Surety Company, as per letter attached. Wherefore the appellant prays that he be permitted to insert in the original bond herein after the words 'as follows' the words costs, appeal bond in the above stated case and for such further costs as may accrue by reason of said appeal in said case." The attached letter referred to, as of the date of October 13, 1941, directed to T. A. Nutt agent, Jackson, Georgia, and signed "E. M. Brown resident assistant secretary," reads as follows: "Mr. Allen of the Veterans Administration informs us it may be necessary to give a cost bond in connection with an estate of Asa Shannon McCoy, incompetent of which we understand Mr. R. P. Sasnett is guardian. The bond probably would be in behalf of Vaux Owen, Chief Attorney of Veterans Administration, next friend of Asa Shannon McCoy. If Mr. Allen or a representative of the Veterans Administration should call on you for the bond it will be in order for you to execute such a bond. We are enclosing a special Power of Attorney with a wafer seal, and should the bond be required this Power of Attorney must be attached thereto and the wafer seal should be put on the bond. Copy of

the bond should be sent to us and we will arrange your execution fee." The amendment was allowed over the objection of the appellee, that the bond and power of attorney were void and could not be amended as proposed by the appellant. The motion to dismiss was renewed, and was overruled.

The exception is to the judgment overruling the motion to dismiss the appeal, and allowing the amendment.

The right and power of the local agent, T. A. Nutt, to execute in behalf of the American Surety Company of New York the particular appeal bond in this case is within the scope of the written, power of attorney executed by the resident officers of the surety company who executed the power of attorney in behalf of the surety company. The written power of attorney, which was executed in behalf of the American Surety Company of New York, recites that the American Surety Company of New York "has made, constituted and appointed and by these presents does hereby make, constitute and appoint T. A. Nutt, Jackson, Georgia, its true, sufficient and legal attorney, with full power and authority to make, execute and deliver for it, in its name and behalf, as surety, a bond or undertaking as follows:" here follows a blank space as appears from the power of attorney as copied in the record. In the power of attorney, following this blank space, it is recited that "hereby giving its said attorney full power and authority to do everything whatsoever requisite and necessary to be done for the purpose of making, executing and delivering such obligations as fully as the officers of said American Surety Company of New York could do if personally present," etc. In so far as it appears from the actual contents of the power of attorney, T. A. Nutt was empowered, in behalf of the American Surety Company of New York, to execute and deliver, for it, in its name and behalf as surety, "a bond or undertaking." The appeal bond here given which was executed by American Surety Company by T. A. Nutt, attorney in fact as surety, is clearly within the scope of this language in the power of attorney. It is also within the scope of the power to execute powers of attorney given by the resolution of the company at its home office in New York, to the company's resident officials in Atlanta. Therefore the bond is not void on the ground that the power of attorney does not authorize T. A. Nutt to execute in behalf of the American Surety Company of New York the appeal bond which was ex-

ecuted in this case by the American Surety Company by T. A. Nutt as its attorney in fact. Is the bond void on the ground that its execution by the American Surety Company by T. A. Nutt, its attorney in fact, as surety on the bond, was not in accordance with any valid and binding power of attorney to T. A. Nutt from the American Surety Company? In the resolution of the executive committee of the board of trustees of the American Surety Company of New York, purported to have been adopted at the office of the surety company in the City of New York on August 20, 1942, authorizing one of the resident vice-presidents and one of the resident assistant secretaries of the company at Atlanta, in the State of Georgia, to execute and deliver in behalf of the company the company's power of attorney to such person or persons as these officers may 'select in designated states, including Georgia, and to confer upon such persons the company's power of attorney to execute and deliver for and in behalf of the company, "any particular bond or undertaking that may be required in the said states," it is provided that "the nature of such bond or undertaking to be in each instance specified in such power of attorney." It is contended that, since in the written power of attorney issued to T. A. Nutt by the designated local officials of the company in Atlanta, pursuant to the above quoted resolution, there is not indicated the nature of the bond or undertaking to be executed in ·behalf of the surety company by T. A. Nutt, that the particular appeal bond executed by the surety company by Nutt for and in its behalf pursuant to the power of attorney, is void. The authority given by this resolution of the surety company, at its home office in New York, to one of its resident vice-presidents and one of its resident assistant secretaries, in Atlanta, to authorize any person within the states named to execute by power of attorney "any particular bond or undertaking that may be required in the said states," is authority in these resident officials of the surety company, to authorize, by power of attorney, the execution, within the states named, of any bond or undertaking whatsoever, irrespective of its nature or amount, which the surety company itself has the power to authorize and execute. Where the resident officials of the surety company in Atlanta, State of Georgia, named in this resolution as having authority to authorize any person by power of attorney to execute, in the name of the company, any particular bond or under-

taking, execute a power of attorney to a person in one of these states, authorizing such person to execute in behalf of the American Surety Company of New York, "a bond or undertaking," the power of attorney is valid as the act and deed of the surety company authorizing the person named therein, as attorney in fact for the surety company, to execute within the State of Georgia "any bond or undertaking" without any specific designation within the power of attorney as to the nature and character of the bond or undertaking which the person named in the power of attorney is authorized to execute in behalf of the surety company, unless it is essential to the validity of the power of attorney, as the act and deed of the surety company, that the nature of the bond or undertaking, which the alleged attorney in fact is authorized to execute by the terms of the power of attorney, is specifically designated or specified in the power of attorney. While the resolution of the trustees of the surety company authorizing the surety company's resident officials in Atlanta, Georgia, to execute a power of attorney to any one within the states named, authorizing such attorney to deliver for and in behalf of the surety company "any particular bond or undertaking that may be required in the said states," provides that "the nature of such bond or undertaking be in each instance specified in such power of attorney," it does not expressly state that it is essential to the validity of the power of attorney that the nature of the bond or undertaking which the named attorney is authorized to execute in behalf of the surety company should be specified in the power of attorney. If the provision in this resolution that the nature of the bond or undertaking authorized by the power of attorney should be specified in the power of attorney, had been omitted from this resolution, unquestionably the power of attorney would be valid as the act and deed of the surety company. Therefore the resolution must not be construed as providing, as a condition precedent to the validity of the power of attorney issued pursuant to this resolution, that the nature of the bond or undertaking authorized by the power of attorney should be specified in that instrument, unless the resolution expressly, or by necessary implication, demands such construction. This provision in the resolution contains no mandatory words. It merely provides that the nature of such bond or undertaking be specified in the power of attorney. It is but an instruc-

tion to the company's resident officials in the states named, who are given the power to execute a power of attorney for the execution of any bond or undertaking of any nature whatsoever in these states, that the nature of the bond or undertaking by the power of attorney, be by these officials, specified in the power of attorney. It is an instruction that the power of attorney should limit the attorney to the execution of one particular bond or undertaking only. Whether or not the nature of the bond or undertaking to be executed by the attorney should be specified in the power of attorney is a matter purely between the surety company and its resident agents. Such insertion is merely for the benefit of the surety company to enable it to protect itself by a better control and oversight of its business. The insertion of this provision in the power of attorney does not confer any power on the attorney. It merely limits his authority and restricts him to the execution, in behalf of the surety company, of the specific bond or undertaking mentioned in the power of attorney. The officials of the surety company in executing the power of attorney without specifying therein the nature of the bond or undertaking, but merely authorizing the execution by the attorney of a bond or undertaking, have not gone beyond the powers conferred on them by the resolution of the home office. They have merely omitted to perform a directory duty provided for in the resolution. In *Cotton States Life Insurance Co.* v. *Mallard, 57 Ga.* 64 (2), it was held that where the general agent of a corporation is given the authority to manage the department of state agencies and the appointment of agents and the direction of their work, "subject to the approval of the officers of the company," the latter words do not mean that the approval of the officers of the company is a condition precedent to the appointment of all sub-agents and the direction of their work by the general agent.

It is in the contemplation of the resolution of the home office, wherein it is provided that the nature of the bond be specified in the power of attorney, that the power of attorney shall relate to the execution of only one bond by the attorney in fact named in the power of attorney. The power of attorney here under consideration, notwithstanding the nature of the bond is not specified therein, confers on the attorney the power to issue only one bond. The power therein conferred on the attorney is to make, as appears from the language of the instrument, "a bond or undertaking."

The power of attorney is not a general power of attorney conferring authority on the attorney therein named to issue and make bonds generally and continuously from time to time. The power of attorney shows on its face, irrespective of the fact that the precise nature of the bond is not described therein, that it is a special power of attorney as contemplated in the home office resolution, which becomes functus officio on the issuing and making of one bond by the attorney therein named.

The insertion in the power of attorney of a description of the nature of the bond or undertaking to be executed by the attorney is, therefore, not essential to the validity of the power of attorney, and the omission of such description from the power of attorney does not invalidate the bond executed under the power of attorney.

If the surety company were sued on a bond executed pursuant to the power of attorney, where the nature of the bond or undertaking was not specified in the power of attorney, but where the bond which was executed was within the scope of the authority of the power of attorney and one which the surety company could legally execute and undertake, could the surety company successfully defend on the ground that the nature of the bond or undertaking was not specified in the power of attorney? It would seem that the surety company could not successfully defend such suit on this ground. To permit the company to successfully defend on this ground would be to permit it to take advantage of its own wrong. There is no merit in the motion to dismiss the appeal on the ground that the appeal bond was void because of the omission in the power of attorney of a specification of the nature of the bond or undertaking which the attorney could execute or undertake.

In the power of attorney, after the words authorizing the attorney therein named to execute a bond or undertaking "as follows:" there is a blank space. Manifestly within this blank space only the description of the nature of the bond authorized could be properly inserted. Since the resolution of the surety company, at its home office in New York, which authorizes certain designated officials of the company resident in Atlanta to execute a power of attorney authorizing any person to make for and in behalf of the company bonds or undertakings, provides that the nature of such bond or undertaking shall in each instance be specified in such

power of attorney, it must necessarily be contemplated by the officials of the company executing the power of attorney pursuant to the authority given to them by the resolution adopted at the home office, that where the power of attorney which they executed authorized the attorney therein named to execute "a bond or undertaking," meaning the execution of only one bond, and there is in the power of attorney a blank space which could be properly and appropriately filled only by a description or specification of the particular bond as is required to be specified in the power of attorney by the resolution of the home office of the company, the attorney is authorized to insert in such blank space, in the power of attorney, a description of a particular bond which he is authorized to make. In *Thompson* v. *Bank of Chatsworth*, 30 *Ga. App.* 443 (3) (118 S. E. 470), it was held, in the language of 2 Am. & Eng. Enc. Law (2d ed.), 253, as follows: "It may be stated as a general rule, which is unquestionably applicable to all simple contracts in writing, and, according to some authorities, also to specialties, that where a person intending to enter into a contract delivers a writing containing blanks, evidently meant to be filled, this, creates in the receiver, . . an implied authority to complete the instrument by filling the blanks in the way apparently contemplated by the maker with matter in general conformity to the character of the writing." There, therefore, inheres in the power of attorney executed by the company's authorized agent to execute such power of attorney, authority, in the attorney named in the power of attorney, to fill the blank space with a description of the bond which he is to make pursuant to the authority conferred on him in the power of attorney.

Accompanying the transmission from the State office of the company in Atlanta to its local agent in Jackson of the power of attorney, duly executed by the State official in Atlanta authorized to execute such power of attorney, and conferring on the local agent in Jackson the power to execute "a bond or undertaking," was a letter from this Atlanta official, directed to the local agent in Jackson, authorizing this local agent, pursuant to the enclosed "special power of attorney" to execute "a cost bond in connection with an estate of Asa Shannon McCoy, incompetent of which . . Mr. R. P. Sasnett is guardian." This letter had reference to the cost bond required on appeal from the ordinary to the superior court in

this case, the case of Asa Shannon McCoy by next friend, v. R. P. Sasnett, guardian. In this letter it is expressly specified that the attorney named in the accompanying power of attorney is to execute a "cost bond." Since there inheres by implication in the power of attorney, power in the attorney therein named, to insert in the blank referred to, a description or specification of the particular bond to be executed by him, this letter from, and signed by, the same official of the company who executed, in behalf of the company, the power of attorney, is a specific instruction to the attorney named in the power of attorney as to the nature of the bond which, under the power of attorney, he is to execute, namely a "cost bond," which the appellant in the case referred to in the letter is required to make on appeal from the court of ordinary to the superior court. Such is the bond which the attorney named in the power of attorney actually executed pursuant to the power conferred on him in the power of attorney. It is immaterial whether or not the attorney named in the power of attorney actually inserted in the blank space in the power of attorney a description of the bond which he in fact executed as attorney for the surety company pursuant to the power of attorney, and in accordance with the instruction received in the letter which was signed and sent to him by the official of the company who executed the power of attorney accompanying the transmission of the power of attorney. The only insertion which could be made in the blank in the power of attorney would be one specifying a cost bond, such as the attorney actually executed, and which he was instructed to execute, in the letter referred to. The insertion of such description of the bond in the blank in the power of attorney would require of the person filling the blank no judgment or determination as to the nature or character of the bond to be specified. As only a cost bond could be described or specified in the blank, the insertion of such description would be a ministerial act only. Therefore the situation as presented is equivalent to one in which this insertion had actually been made in the power of attorney. Equity considers that as done which should have been done.

The letter did not confer on the attorney named in the power of attorney any power to execute a bond. This power was conferred only by the power of attorney. The letter merely indicated to the attorney named in the power the nature of the bond which he

should execute pursuant to the authority given him in the power of attorney to execute a bond, the description of which was left blank. The letter was no more than an instruction to the attorney named in the power of attorney respecting what should be inserted in the blank space in the power of attorney in which the description of the bond authorized to be executed should be specified. The contents of this letter can be considered on the same principle that an incomplete written instrument can be added to or explained by parol contemporaneous agreements or understandings. It applies as respects the filling of the blanks in written contracts. *Georgia Railroad &c. Co.* v. *Reid,* 91 *Ga.* 377 (2) (17 S. E. 934). In the application of this rule no distinction has been made between instruments under seal and instruments not under seal. There is therefore no merit in the contention that the letter, which was not executed under seal, could not confer power on the attorney named in the power of attorney to execute the bond which he executed under seal. The bond which the attorney in fact executed was a cost bond such as that indicated in the letter, and authority in him to execute the particular bond was contained in the authority conferred on him by the power of attorney to execute "a bond or undertaking," notwithstanding the particular bond was not described or specified in the power of attorney as the bond to be executed. The power of attorney was executed under seal and was therefore sufficient to authorize the attorney named in the power of attorney to execute under seal the particular cost bond which he did execute and which was under seal.

Since an appeal bond, such as the bond in this case, made as provided by statute (Code, § 6-106), is amendable, it necessarily follows, that, where the power of attorney authorizing the attorney to execute a bond in behalf of the grantor of the power, which, after the attorney has, in the exercise of such power, executed a bond, is attached to and is a part of the bond, the power of attorney as a part of the bond may be amended by an appropriate amendment. Since the insertion in the blank in the power of attorney of the nature and description of the bond which the attorney therein named is to execute could necessarily be only a description of a cost bond and would therefore be only a ministerial act, the bond was amendable, on motion of the attorney for the appellant that there be inserted in the original bond, meaning in the blank space

of the power of attorney, a description of the bond, the words "cost appeal bond in above stated case and such further costs as may accrue by reason of said appeal in said case." The court did not err in allowing the amendment.

The appeal bond in this case was signed as surety by "American Surety Company, by T. A. Nutt, attorney in fact." There is no merit in the contention that the bond was void as having no surety in that it was not executed by the "American Surety Company of New York." The power of attorney was executed by the American Surety Company of New York, and confers on T. A. Nutt power and authority to make, execute and deliver for the company, in its name and behalf, as surety, a bond or undertaking. While the bond is signed "American Surety Company," only, "by T. A. Nutt attorney in fact," it purports to be signed pursuant to the power of attorney which is attached to the bond, and is signed by the attorney in fact for the American Surety Company of New York constituted and empowered by the power of attorney. The act and deed of T. A. Nutt in executing the bond must be construed in connection with the power of attorney. See 14 C. J. 606, § 2666, n. 87; In re Goldville Mfg. Co., 118 Fed. 892; William Firth Co. v. South Carolina Loan &c. Co., 122 Fed. 569; Underhill v. Santa Barbara Land &c. Co., 93 Cal. 300 (28 Pac. 1049). In re Goldville Mfg. Co., as reported in 118 Fed. 892, it was held that "The fact that, in signing bonds and a mortgage on behalf of a corporation, a part of the corporate name was omitted, does not render them invalid where the proof is clear that they were in fact intended to be the obligations of such corporation, and duly authorized." In that case certain bonds and mortgages were executed in the name of "Goldville Manufacturing Company." They were executed by officials of the "Goldville Manufacturing Company of Goldville, South Carolina." The court held that, under all the facts in the case, these instruments were those of the "Goldville Manufacturing Company of Goldville, South Carolina." The court in its opinion stated that "it is a mere misnomer, of which, neither the company itself nor its creditors can take advantage." This decision was affirmed by the circuit court of Appeals in 122 Fed. 568. The signature to the bond, made by T. A. Nutt in the name of "American Surety Company," must be construed as an execution by him of a bond pursuant to the power of attorney. "Ameri-

can Surety Company," as signed to the bond by T. A. Nutt, attorney in fact, who is attorney in fact for the American Surety Company of New York, must necessarily be construed as "American Surety Company of New York." The bond was a good and binding obligation of the American Surety Company of New York.

The court did not err in allowing the amendment, and overruling the motion to dismiss the appeal.

*Judgment affirmed. Stephens, P. J., and Gardner, J., concur. Sutton, J., dissents. Felton, J., disqualified.*

SUTTON, J., dissenting. It is contended by the plaintiff in error that the appeal was a nullity and that the court erred in overruling the motion to dismiss the same. Where the purported surety on an appeal is a corporation, as here, and its signature is made by one who purports to act as its attorney in fact, the appeal is subject to dismissal unless the bond is accompanied by a power of attorney showing the authority of the one purporting to act for the corporation in executing the bond. The power of attorney here was dependent on the resolution of the executive committee of the American Surety Company of New York, which provided: "That one of the Resident Vice-Presidents, and one of the Resident Assistant Secretaries of this Company, at Atlanta, in the State of Georgia, be and they are hereby authorized and empowered to make, execute and deliver, in behalf of the Company, unto such person or persons in the States of South Carolina, Florida, Alabama and Georgia, as they may select, its power of attorney constituting and appointing each such person its attorney in fact, with full power and authority to make, execute and deliver, for it, in its name and in its behalf, as surety, any particular bond or undertaking that may be required in said States of South Carolina, Florida, Alabama and Georgia, the nature of such bond or undertaking to be in each instance specified in such power of attorney." The power of attorney to T. A. Nutt was signed in the name of American Surety Company of New York by E. M. Brown, Resident Vice-President, and W. H. Turner, Resident Assistant Secretary, but it was issued in blank, that is, the nature of the bond or undertaking that might be executed by virtue thereof was not specified in such power of attorney as was required by the resolution of the executive committee above referred to. But the defendant in error contends that the appeal bond was amendable and that the amendment attaching

thereto the two letters to T. A. Nutt, agent, from E. M. Brown, resident assistant secretary, dated October 13 and 17, 1941, showed authority on the part of T. A. Nutt to execute the bond, and that the bond was valid. The substance of the letter of October 13, 1941, was that it might be necessary to give a cost bond in connection with the estate of Asa Shannon McCoy, incompetent, that the bond probably would be in behalf of Vaux Owen, next friend of McCoy, that if he was called on it would be in order for him to execute such a bond, and the letter then states: "We are enclosing a special Power of Attorney with a wafer seal and should the bond be required this Power of Attorney must be attached thereto and the wafer seal should be put on the bond." This letter was signed only by the resident assistant secretary, and showed that the power of attorney, not the letter, was to be Nutt's authority for executing a bond, and that the power of attorney was to be attached to the bond. The resolution of the executive committee of the American Surety Company of New York did not confer power on a resident assistant secretary to authorize an agent by letter to execute a bond. The letter of October 17 was an acknowledgment by Brown as resident assistant secretary of the receipt of the bond. "An appeal bond may be amended and new security given if necessary." Code, § 6-106. This, however, does not mean that a bond which is a nullity can be amended, but only when it is irregular or deficient. Also our decisions are to the effect that a bond which is a nullity can not be amended. See *Maddox* v. *Waldrop,* 60 *Ga. App.* 702 (4 S. E. 2d, 684). The appellant did not have the right by amendment to change or add to the power of attorney which was executed by the American Surety Company of New York to T. A. Nutt. It will be noticed that he asked in the amendment, "that he be permitted to insert in the original bond herein after the words 'as follows' the words 'costs, appeal bond in the above stated case and for such further costs as may accrue by reason of said appeal in said case.'" The words "as follows" do not appear in the appeal bond. It was the defective power of attorney which failed to confer authority on the agent, Nutt, to issue the particular bond, which rendered the appeal bond invalid, and, as above stated, the appellant, Vaux Owen, was without authority to change in any way or to add to the contents of that limited power of attorney. That was a matter entirely be-

tween the American Surety Company of New York and T. A. Nutt. We do not think the amendment changed the status in respect to the appeal bond. The appeal bond was signed in the name of the *American Surety Company,* by T. A. Nutt, attorney in fact. The resolution of the executive committee of the American Surety Company of New York empowered the resident vice-president and resident assistant secretary to select an agent and to execute to him its power of attorney authorizing him as its attorney in fact to execute for it, *in its name and behalf,* any particular bond or undertaking, *"the nature of such bond or undertaking to be in each instance specified in each power of attorney."* It is a general principle of law that a power of attorney is to be strictly construed. An agent who receives his authority by virtue of a power of attorney can only do what the power of attorney authorizes him to do. He can not go beyond the power or authority conferred by such instrument or do a different thing to that which is specified therein. If the American Surety Company of New York required that a power of attorney issued for the execution of a bond should have the nature of such bond or undertaking in each instance specified in each power of attorney, then this was evidently intended to be a vital and essential part of such power of attorney. In the absence of this essential requirement it would seem that the agent was without authority to issue the bond; and that it is idle talk and speculation to say that this provision does not mean what it says, or does not confer any power on the attorney, but only limits his authority. We think this is an essential provision of the power of attorney, which the American Surety Company of New York authorized to be issued to an agent, and not merely a directory provision. This instrument has at the top of it in capital letters these words: "Limited power of attorney." There is nothing in *Cotton States Life Insurance Co.* v. *Mallard,* 57 *Ga.* 64, that authorizes a holding in the present case that the insertion in the power of attorney of the nature of the bond or undertaking to be executed was not essential to the validity of such instrument, in order to authorize the agent or attorney to issue such bond.

The appeal bond was signed as surety by the "American Surety Company, by T. A. Nutt, attorney in fact," and it is contended by the plaintiff in error that the bond is void for this reason, as the purported power of attorney was executed by the American Surety

Company of New York, a different corporation. It is recited in the body of the bond that "Vaux Owen, as principal, and American Surety Company as securities, acknowledge themselves held and firmly bound unto the appellee," etc. But the name, American Surety Company of New York, does not appear anywhere in the bond. In these circumstances, if the American Surety Company and the American Surety Company of New York are separate corporations, then certainly the bond in question would not be a binding obligation on the American Surety Company of New York. If the power of attorney had been sufficient to confer authority on the agent to execute the appeal bond, and had the name of the American Surety Company of New York been entered in the body of the bond, and had the evidence been sufficient to show that it was the intention of the parties for the American Surety Company of New York to make the bond and become liable thereon as surety, it might be argued with some merit that the bond was good although signed in the name of American Surety Company.

In re Goldville Manufacturing Co., 118 Fed. 892, a mortgage and bonds secured thereby were signed in the name of Goldville Manufacturing Company, whereas the corporate name was Goldville Manufacturing Company of Goldville, S. C. The mortgage recited that it was the mortgage of the Goldville Manufacturing Company, "a corporation duly organized under the laws of the State of South Carolina on the 23d day of October, 1900, having its principal place of business at Goldville, Laurens County, S. C." It was shown that there was no other corporation located at Goldville, and that the officers who executed the mortgage and bonds were never officers of any other company. There was also evidence going to show that the incorporators, J. S. Blalock and his son L. W. C. Blalock and his daughter M. E. Browning, before incorporating, conducted the business as and in the name of Goldville Manufacturing Company, and that they incorporated the business in October 1900, and were the sole stockholders. The corporate proceedings for issuing the bonds and securing the same by mortgage were also in evidence. In these circumstances, the court held, that the proof was clear that the bonds and mortgage, while signed, "Goldville Manufacturing Company," were in fact the bonds and mortgage of the Goldville Manufacturing Company of Goldville, S. C. In Underhill v. Santa Barbara Land, Building, and Im-

provement Co., 93 Cal. 300, the officers who executed the note and mortgage described themselves as the officers of the "Santa Barbara Land and Improvement Company," whereas the corporate name was Santa Barbara Land, Building, and Improvement Company. The body of the note expressed the promise of the corporation, fully and properly named, to pay, and the mortgage expressly purported to be the mortgage of "Santa Barbara Land, Building, and Improvement Company." The execution of the papers was also attested by the proper officers by the seal of the corporation. Furthermore, the California Civil Code provided that "the misnomer of a corporation in any written instrument does not invalidate the instrument, if it can be reasonably ascertained from it what corporation is intended." It was held that the recitals of the note and mortgage, together with the certificate of acknowledgment, were sufficient to show what corporation executed the note and mortgage. So it will be seen that these two foreign cases are distinguishable on their facts from the case at bar, and the rulings there made would not be applicable under the facts of the present case. As above stated, the name of the American Surety Company of New York nowhere appeared in the bond in question, and there was no extraneous evidence introduced in connection therewith. The only purported authority for the agent, Nutt, to sign any bond was the limited power of attorney above referred to and which was not issued in accordance with the resolution of the executive committee of the American Surety Company of New York by having the nature of the bond therein specified, but was issued in blank. Therefore, I am of the opinion that the appeal bond was a nullity for two reasons: (1) The nature of the bond or undertaking was not specified in the power of attorney as required by the resolution of the executive committee of the American Surety Company of New York; and, (2) the bond was signed in the name of the American Surety Company, whereas the purported power of attorney provided for the execution of a bond in the name of the American Surety Company of New York.

In these circumstances, I am of the opinion that T. A. Nutt was without legal authority as attorney in fact to execute the appeal bond in question, and that the court erred in overruling the motion to dismiss the appeal.